UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| RUTHANNE MCGINNIS, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br>   vs.<br><br>MBK, INC., d/b/a PAYTEK SOLUTIONS,<br><br>          Defendant. | Case No.: 13-cv-1<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"), and the Wisconsin Consumer Act, chapter 427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Ruthanne McGinnis is an individual who resides in the Eastern District of Wisconsin (Racine County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes. Specifically, the alleged debt is related to Plaintiff's purchase of photographs for personal use.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that she engaged in a consumer transaction.

6. Defendant MBK, Inc. ("Paytek") is a foreign limited liability company with its principal place of business located at 240 Glenis Drive, Murfreesboro, Tennessee 37129.

7. MBK, Inc. does business under the fictitious or trade name Paytek Solutions.

8. Paytek is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. Paytek is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Paytek is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

**FACTS**

10. On or about October 22, 2012, Paytek mailed a debt collection letter to Plaintiff. A copy of this letter is attached to this complaint as Exhibit A.

11. This letter includes the text: "This collection agency is licensed by the Office of the Administrator of the Division of Banking, P.O. Box 7876, Madison, Wisconsin 53707."

12. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

13. Paytek is not licensed by the Office of the Administrator of the Division of Banking or any other Wisconsin governmental agency.

14. Neither "Paytek Solutions" nor "MBK, Inc." is listed on the Division of Banking's website that lists all collection agencies that currently hold a Wisconsin collection agency license. http://www.wdfi.org/fi/lfs/licensee_lists/Default.asp?Browse=CA (visited December 19, 2012).

15. A representative of the Division of Banking confirmed to Plaintiff's counsel over the telephone on January 2, 2013, that Paytek has not held a Wisconsin collection agency license at any time.

16. A debt collector's false statement about its licensing status is a material false statement. "It suggests that [the debt collector] has been approved by the state, thereby enhancing in the mind of the unsophisticated consumer [the debt collector's] legitimacy and power to collect the debt." *Radaj v. ARS Nat. Services, Inc.*, No. 05 C 773, 2006 U.S. Dist. LEXIS 68883 at *10; 2006 WL 2620394 at *3 (E.D. Wis. Sep. 12, 2006).

## COUNT I – FDCPA

17. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

18. <u>Exhibit A</u> falsely states that Paytek is licensed by the Division of Banking for the State of Wisconsin.

19. 15 U.S.C. § 1692e(1) specifically prohibits the false representation that "the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof."

20. 15 U.S.C. § 1692e(9) specifically prohibits "the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval."

21. Paytek violated 15 U.S.C. § 1692e, 1692e(1) and 1692e(9) by falsely informing consumers that it was licensed by the State of Wisconsin's Division of Banking.

3

## COUNT II – WCA

22. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

23. The alleged underlying transaction, the purchase by check of photographs for personal use, was a consumer transaction with an agreement to defer payment. A merchant who accepts a check as payment agrees to defer payment until the check clears.

24. Wis. Stat. § 427.104(1)(k) specifically prohibits a debt collector from using "a communication which simulates legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency or attorney−at−law when it is not."

25. By using a letter which falsely represented its licensing status in <u>Exhibit A</u>, Paytek used a communication which gave the appearance of being authorized or approved by a governmental agency (the Division of Banking).

26. The conduct of Paytek described in this Complaint violated Wis. Stat. § 427.104(1)(k).

## CLASS ALLEGATIONS

27. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter stating that Paytek was licensed by the Office of the Administrator of the Division of Banking, (c) seeking to collect a debt for personal, family or household purposes, (d) on or after January 2, 2012, (e) that was not returned by the postal service.

28. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

4

29. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA and the WCA.

30. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

31. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

32. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

33. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: January 2, 2013.

**ADEMI & O'REILLY, LLP**

By: /S/ John D. Blythin
Shpetim Ademi (SBN 1026973)
David J. Syrios (SBN 1045779)
John D. Blythin (SBN 1046105)
3620 East Layton Avenue

5

Cudahy, WI 53110  
(414) 482-8000  
(414) 482-8001 (fax)  
sademi@ademilaw.com  
dsyrios@ademilaw.com  
jblythin@ademilaw.com